IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVE and DAWN CANNON as the surviving parents of Josh Cannon, and in their official capacity as executors of the Estate of Josh Cannon,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CARY BITTICK, MATTHEW PRICE, JUDY KORNEGAY, R.N., and THE MONROE COUNTY HOSPITAL AUTHORITY,<br><br>Defendants. | Civil Action No.<br>5:05-CV-176 (WDO) |

## ORDER

Before the Court is Plaintiffs' Motion to Amend Scheduling Order and Expert Disclosures (Doc. 45). Plaintiffs ask the Court to amend the Scheduling Order, filed on September 13, 2005, to enable Plaintiffs to identify a medical causation expert after the deadline for expert disclosures and extend the discovery period to enable Defendants to depose the newly identified expert.

Pursuant to Federal Rule of Civil Procedure 16(b), the Court may grant a party leave to modify a discovery order schedule upon a showing of good cause. Fed. R. Civ. P. 16(b). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th

Cir. 1998) (internal citations omitted). Plaintiffs assert that they could not have reasonably anticipated the need for the medical causation expert they now ask the Court to allow due to the unambiguous cause of death listed on the autopsy report.

This case arises from the death of Josh Cannon allegedly caused by Defendants. The report of an autopsy performed on Cannon, by assistant medical examiner Dr. Geoffrey Smith, identified the cause of death as "[a]cute bronchopneumonia as a consequence of cardiorespiratory arrest and sequelae, due to physical restraint during acute psychotic episode." According to Plaintiffs, they had no reason to suspect that Defendants would attempt to challenge the cause of death listed on the autopsy report until Dr. Smith was deposed on December 1, 2005. Apparently, Dr. Smith explored the possibility that Cannon's death was caused by cardiorespiratory arrest without any physical restraint. At the time of Dr. Smith's deposition the deadline for Plaintiffs to designate expert witnesses, October 31, 2005, had passed. Plaintiffs now seek to utilize Dr. Gerald Gowitt, as a medical causation expert, to establish that Cannon's death was due to physical restraint.

In light of the foregoing, the Court finds Plaintiffs have demonstrated good cause for their inability to comply with the discovery schedule. Further, the Court finds that the addition of Dr. Gowitt would not unfairly prejudice Defendants nor unduly delay the proceedings in this case. Therefore, Plaintiffs' Motion to Amend Scheduling Order and Expert Disclosure is granted. The Scheduling and Discovery Order, entered August 17, 2005, is hereby amended to (1) enable Plaintiffs to identify Dr. Gerald Gowitt as a medical causation expert; (2) enable

Defendants to designate any rebuttal experts necessary; and (3) extend the discovery period until April 1, 2006 in order to enable Defendants to depose Dr. Gowitt.

**SO ORDERED**, this the 14th day of March, 2006.

                                        **/s/ WILBUR D. OWENS, JR.**
                                        **WILBUR D. OWENS, JR.**
                                        **UNITED STATES DISTRICT JUDGE**

scs